THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Crim. No. 3:16-CR-227 |
| v. | : (JUDGE MARIANI) |
| | : |
| BRIAN REYES, | : |
| | : |
| Defendant | : |

## MEMORANDUM OPINION
## I. INTRODUCTION

On May 20, 2020, Defendant Brian Reyes filed a Motion for Early Release. (Doc. 69.)  With the motion, he asks the Court to reduce his sentence to time served and order his immediate release under to 18 U.S.C. § 3582(c)(1)(A). (*Id.* at 1.)  Defendant maintains that he has exhausted administrative remedies and various health conditions as well as other relevant factors justify his release given the current COVID-19 pandemic. (*Id.* at 1-2.)

Defendant is incarcerated at FMC-Devens in Ayer, Massachusetts, based on a sentence imposed by the late Honorable Richard P. Conaboy on November 2, 2017. (Doc. 65.)  Judge Conaboy sentenced Defendant to seventy months of imprisonment, three years of supervised release, and $3,060,435.45 in restitution following Defendant's guilty plea, pursuant to a negotiated plea agreement, to one count of Conspiracy to Defraud the Government with Respect to Tax Claims. (Docs. 1, 22, 65.)

In its opposition brief filed on May 29, 2020, the Government asserts that the motion should be denied without prejudice based on Defendant's failure to exhaust administrative

remedies.  (Doc. 71 at 1.)  Alternatively, the Government asserts that, if the Court reaches the merits of Defendant's motion, the Court should deny the motion because Defendant has not identified "extraordinary and compelling reasons" for a sentence reduction.  (*Id.* at 15.)

In subsequent filings, Defendant reiterates and elaborates upon the grounds for relief asserted in his motion.  (Docs. 72-74.)  Because these filings include a reply brief filed on June 9, 2020 (Doc. 73), the pending motion is fully briefed and ripe for disposition.

## II. ANALYSIS

Defendant's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A)(i).  Because the provision contains an exhaustion requirement which Defendant has not satisfied, the Court concludes he is not entitled to reduction in his term of imprisonment based on § 3582(c).

Pursuant to 18 U.S.C. § 3582(c), the First Step Act provides as follows:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). The United States Court of Appeals for the Third Circuit

considered § 3582(c)(1)(A)'s exhaustion provision in *United States v. Raia*, 954 F.3d 954

(3d Cir. 2020).

> The First Step Act empowers criminal defendants to request compassionate
> release for "extraordinary and compelling reasons." 18 U.S.C §
> 3582(c)(1)(A)(i). But before they make such requests, defendants must at least
> ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP
> thirty days to respond. *See* § 3582(c)(1)(A).

954 F.3d at 595. Thus, where a defendant has made no request to the BOP to move for

compassionate release on his behalf, a district court is without authority to consider his

request for compassionate release. *Id.* A defendant also fails to comply with §

3582(c)(1)(A)'s exhaustion requirement where he has requested the BOP to move for

compassionate release on his behalf but seeks relief in a district court before the BOP has

had thirty days to consider his request and there has been no adverse decision by the BOP

for him to administratively exhaust within that time period. *Raia*, 954 F.3d at 597. Because

the BOP had not issued an adverse decision without the thirty-day time period, the Circuit

Court noted that it "need not address administrative appeals here." *Id.*

As indicated by relevant statutory and Third Circuit authority, unless a defendant has

exhausted administrative remedies under § 3582(c)(1)(A) or thirty days have lapsed since

the warden's receipt of the defendant's request for § 3582(c)(1)(A) relief, the district court

lacks authority to grant the sentence reduction requested.

Here, the Government asserts that the Court should deny Defendant's motion pursuant to § 3582(c)(1)(A) and *Raia* because he did not exhaust his administrative remedies. (Doc. 71 at 13-14.)  The Government states that, although Defendant presented a request to the Warden, the Warden denied the request within thirty days and Defendant did not pursue an appeal through the Bureau of Prisons' administrative-remedy process. (*Id.* at 14.)  The Government contends that an inmate must appeal the warden's denial through the administrative process to properly exhaust under § 3582(c)(1)(A).  (*Id.*)

The plain language of the statutory provision does not support the Government's argument. The relevant statutory language allows a defendant to file a motion pursuant to § 3582(c)(1)(A) in federal court after he has *either* fully exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion his behalf *or* allowed 30 days to lapse from the receipt of such a request by the warden, whichever is earlier.  Because *Raia* did not address the situation where the warden had issued an adverse decision within the thirty-day period and noted parenthetically "as such, we need not address administrative appeals," 954 F.3d at 597, the decision cannot be relied upon for the proposition that the receipt of a denial by the warden *requires* an inmate to complete the administrative remedy process, pursuing it after thirty days have lapsed from the warden's receipt of such a request.  If it was the intent of Congress that a denial by the warden within thirty days of receipt of an inmate's § 3582(c)(1)(A) request triggered the inmate's obligation to complete the administrative-remedy process before filing his request in federal court, the statute does

4

not express that requirement.  Being framed as alternative paths to federal court, the doors

to which are opened by whichever came earlier, the full exhaustion of administrative

remedies or the lapse of thirty days after the warden's receipt of the inmate's request, the

Court cannot read a mandatory full-exhaustion requirement into the statutory provision in

the circumstance where a lapse of thirty days has occurred from the receipt by the warden

of the defendant's request.

     This conclusion is supported by a review of relevant regulations and the BOP's own

commentary on the language at issue.  Relevant regulations provide that an inmate's

request for the BOP to make a motion under § 3582(c)(1)(A) "shall be submitted to the

Warden."  28 C.F.R. § 571.61.  If the Warden determines that the request warrants

approval, he refers the matter with his recommendation to the Office of General Counsel.

28 C.F.R.  § 571.62(a)(1).  If the General Counsel determines that the request warrants

approval, the General Counsel solicits opinions from relevant individuals and forwards the

matter to the Director, Bureau of Prisons, for final decision.  28 C.F.R. § 571.62(a)(2).

Section 571.63 addresses the denial of a request:

> (a) When an inmate's request is denied by the Warden, the inmate will receive
> written notice and a statement of reasons for the denial. The inmate may appeal
> the denial through the Administrative Remedy Procedure (28 CFR part 542,
> subpart B).
>
> (b) When an inmate's request for consideration under 18 U.S.C. 4205(g) or
> 3582(c)(1)(A) is denied by the General Counsel, the General Counsel shall
> provide the inmate with a written notice and statement of reasons for the denial.
> This denial constitutes a final administrative decision.

(c) When the Director, Bureau of Prisons, denies an inmate's request, the Director shall provide the inmate with a written notice and statement of reasons for the denial within 20 workdays after receipt of the referral from the Office of General Counsel. A denial by the Director constitutes a final administrative decision.

(d) Because a denial by the General Counsel or Director, Bureau of Prisons, constitutes a final administrative decision, an inmate may not appeal the denial through the Administrative Remedy Procedure.

28 C.F.R. § 571.63.

The Administrative Remedy Program set out in subpart B of 28 CFR part 542, which

is referenced in 28 C.F.R. § 571.68(a), provides for the following appeals procedure:

An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.

28 C.F.R. § 542.15(a).

BOP Program Statement 5050.50 § 571.63 provides the following commentary:

Under 18 USC 3582(c)(1), an inmate may file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response under subparagraph (a), the denial from the General Counsel under subparagraph (d), or the lapse of 30 days from the receipt of such a request by the Warden of the inmate's facility, whichever is earlier.

BOP Program Statement 5050.50 at 15.

In this scheme, an inmate's appeal on a BP-11 form to the General Counsel is the

final stage of the BOP's administrative remedy procedure, and it is the inmate's receipt of

the response to this appeal which is referenced in Program Statement 5050.50's

commentary to 28 C.F.R. § 571.63. The commentary provided in the Program Statement, framed in the disjunctive, means that if an inmate receives a BP-11 response before thirty days have lapsed, he may file a § 3582(c)(1) request in the sentencing court; if he has not received a BP-11 form, he must wait thirty days from the time the warden received his request. The ability to file after a lapse of thirty days is only contingent upon his filing a *request* with the warden --neither the statutory language nor the BOP program statement commentary identify a requirement that an inmate appeal the warden's initial denial before filing his request in the sentencing court upon the lapse of thirty days.

Defendant in this case has not satisfied the requirements of either path to federal court. He did not receive a BP-11 response before he filed, and he did not allow thirty days to lapse after the warden received his request. As to the latter, Exhibit A attached to Defendant's motion shows that the Warden received Defendant's § 3582(c)(1)(A) request on April 28, 2020 (Doc. 69 at 4) so he could file his request in the sentencing court after thirty days lapsed, i.e., on or after May 28, 2020. Because Defendant filed his request in this Court on May 20, 2020 (Doc. 69), his request was premature and this Court does not have the authority pursuant to § 3582(c)(1) to grant the relief requested.

Defendant also requests that the Court appoint him counsel "[p]ursuant to General Order 20-17 (April 22, 2020)." (Doc. 69 at 2.) General Order 20-17, "Amended Procedural Order Concerning Appointment of Counsel and Motions for Early Release Under 18 U.S.C. § 3582(C)(1)(A) (Corrected Version)," was issued by the United States District Court for the

District of Massachusetts on April 23, 2020. www.mad.uscourts.gov.   It includes

procedures for assigning counsel to a prisoner sentenced in the *District of Massachusetts*.

General Order 20-17 at 1.  As such, it does not apply to Defendant who was sentenced in

the United States District Court for the Middle District of Pennsylvania.

The Court will not further consider Defendant's request for counsel based on the

determination that he prematurely filed his motion in this Court.

### III.  CONCLUSION

For the reasons discussed above, Defendant's Motion for Early Release (Doc. 69)

will be dismissed without prejudice.  A separate Order is filed simultaneously with this

Memorandum Opinion.

Robert D. Mariani
United States District Judge